# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMRAN ABBAS MOHAMMED,<br><br>          Petitioner,<br><br>   v.<br><br>PEOPLE OF STATE OF CALIFORNIA,<br><br>          Respondent. | Case No. 8:22-cv-01514-PA-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

On June 29, 2022, Petitioner Camran Abbas Mohammed, a state pretrial detainee, filed a pro se Petition under 28 U.S.C. § 2241.[1] The Court issues this Order to Show Cause because the face of the Petition suggests that Petitioner has failed to exhaust his claims at the state level.

---

[1] Although Petitioner filed his petition on a 28 U.S.C. § 2254 state habeas petition form, the Court analyzes it under § 2241, which is the proper vehicle for state pretrial detainees seeking federal habeas relief. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

## I.  Procedural History[2]

Petitioner is charged in Orange County Superior Court with kidnapping and attempted rape. He has pleaded not guilty to both crimes and is awaiting trial. His appointed counsel declared doubt about his competency, and the trial court ordered that he undergo a psychiatric evaluation. Thereafter, he was committed to Patton State Hospital. [*See* Dkt. No. 1 at 2, 5.] In late August, 2022, he was transferred to the Theo Lacy Jail in Orange, California. [Dkt No. 5.]

Petitioner filed two habeas petitions in the California Court of Appeal, which denied them both on June 30, 2022.[3] [*See id.* at 6-7, 10-11.] He has not filed any habeas petitions in the California Supreme Court. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Mohammed" with "Camran" in supreme court) (last visited Sept. 6, 2022).

On July 29, 2022, he filed the instant Petition.[4]

## II.  Discussion

### A.  Duty to Screen

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4; *see Toft v. D'Agostini*, No. 2:22-cv-0016 DB P, 2022 WL 1433525, at *1

---

[2] For the most part, the Court derives the procedural history from Petitioner's allegations in his Petition and the exhibits thereto.

[3] Petitioner also filed a habeas petition in the superior court, which was denied in December 2021. [*See* Dkt. No. 1 at 7, 8-9.]

[4] Petitioner initially filed the Petition in the Ninth Circuit Court of Appeals, which transferred it to this Court. [*See* Dkt. No. 4.]

(E.D. Cal. Apr. 8, 2022) (explaining that Rule 4 framework applies in screening habeas petition brought under § 2241).

### B. Failure to Exhaust

Petitioners in state custody challenging either the fact or length of their confinement in federal court must first exhaust state judicial remedies by presenting the highest state court with a fair opportunity to rule on the merits of their claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Although there is no exhaustion requirement for a pretrial detainee petition brought under § 2241, principles of federalism and comity require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner has exhausted his available state-judicial remedies and "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). The exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Carden*, 626 F.2d at 84.

Here, Petitioner states that he is in pretrial custody against his will due to false allegations concerning his competency and that his counsel provided ineffective assistance by declaring doubt as to his competency and refusing to provide him pretrial discovery. [*See* Dkt. No. 1 at 3, 5.] Although Petitioner filed habeas petitions in the superior court and court of appeal that evidently

challenged his pretrial custody [*see id.* at 6-11],[5] he has not filed a habeas petition in the state supreme court. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Mohammed" with "Camran" in supreme court) (last visited Sept. 6, 2022). Nor has he alleged any special circumstances that would relieve him of his obligation to exhaust his claims. Accordingly, it appears that the Petition should be dismissed for failure to exhaust.[6]

### III. Conclusion

Petitioner is ordered show cause **no later than October 17, 2022,** as to why the Petition should not be dismissed without prejudice as unexhausted. If Petitioner alleges that he has exhausted the Petition's claims, he must identify the case number of the habeas petition he filed in the state supreme court and provide copies of the petition and the state supreme court's denial of the petition. Petitioner is admonished that if he does not file a response to this Order within the time allowed, the Court will recommend

---

[5] Petitioner did not submit any of the state-court habeas petitions that he filed. Instead, he submitted only the state-court denials of those petitions. The denials do not identify the claims that he raised in the petitions.

[6] Petitioner also seeks damages, including $250,000.00 for every 15 minutes he has spent or will spend in pretrial custody. [*See* Dkt. No. 1 at 6.] A § 2241 petition is not, however, "the proper vehicle for obtaining monetary damages." *Christian v. Norwood*, 376 F. App'x 725, 726 (9th Cir. 2010); *see Preiser v. Rodriguez*, 411 U.S. 475, 494, (1973); *see also Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir.1991) (challenge to execution of sentence is maintainable only as § 2241 petition, whereas damages claim for civil rights violations should be construed as action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)). Thus, any request for damages may not be maintained in this action.

that this action be dismissed for failure to exhaust state-court remedies and for failure to prosecute.

**IT IS SO ORDERED.**

DATED: September 14, 2022

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

5